of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**LI XIA SHAO, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 07–4456–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

Joshua E. Bardavid, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; James A. Hunolt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Xia Shao, a native and citizen of the People's Republic of China, seeks review of an October 1, 2007 order of the BIA, denying her motion to reopen. *In re Li Xia Shao,* No. A073 569 566 (B.I.A. Oct. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Shao's untimely motion to reopen.

 Shao argues that the BIA erred by finding that she failed to demonstrate material changed country conditions or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed 0 country conditions or a reasonable possibility of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, contrary to Shao's argument, we find that the record does not indicate that the BIA ignored any material evidence that Shao submitted in support of her motion to reopen. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006); *cf. Jian Hui Shao,* 546 F.3d at 172 (finding no error in the BIA's determination that evidence referencing the family planning policy's mandatory sterilization requirement does not indicate that such sterilization will be performed by force).

Finally, we note that Shao waives any challenge to the BIA's decision insofar as it declined to *sua sponte* reopen her proceedings to permit her to seek an adjustment of status. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).